# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE, | CASE NO. 1:11-CV-00471-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| STATE OF CALIFORNIA, et al., | (DOC. 1) |
| Defendants. | |

## Screening Order

**I.     Background**

Plaintiff Matthew Alan Lawrie ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 21, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1  1915(e)(2)(B)(ii).

2  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary Of Complaint and Analysis

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: the state of California, governor Jerry Brown, and second watch officer Santos. Plaintiff lists Kathleen Allison, the warden of SATF, and CDCR as a Defendant in the caption.

Plaintiff alleges that on March 14, 2011, Plaintiff witnessed Defendant Santos in the tower control use Spanish over the intercom to communicate with Spanish/Mexican inmates. Plaintiff contends this violates Article III, Section 6(a)(6)(d) of the California Constitution,[1]

---

[1] Section 6, Article III of the California Constitution states:
a) Purpose.
 English is the common language of the people of the United States of America and the State of California. This section is intended to preserve, protect and strengthen the English language, and not to supersede any of the rights guaranteed to the people by this Constitution.
(b) English as the Official Language of California.
 English is the official language of the State of California.
(c) Enforcement.
 The Legislature shall enforce this section by appropriate legislation. The Legislature and officials of the State of California shall take all steps necessary to insure that the role of English as the common language of the State of California is preserved and enhanced. The Legislature shall make no law which diminishes or ignores the role of English as the common language of the State of California.
(d) Personal Right of Action and Jurisdiction of Courts.
 Any person who is a resident of or doing business in the State of California shall have standing to sue the State of California to enforce this section, and the Courts

which mandates that English is the official language of the State of California.[2]

Plaintiff requests as relief that all CDCR officers be ordered to use English only. Plaintiff also seeks compensatory damages. Plaintiff's suit fails for numerous grounds.

Plaintiff fails to state a claim under § 1983. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). Plaintiff seeks enforcement of a California law in federal court. There is no federal question presented. There is thus no § 1983 claim.

Plaintiff clearly did not exhaust administrative remedies prior to filing this suit. In response to whether the inmate appeals process is completed, Plaintiff marked "no." Plaintiff explains, "Because of a lengthy time process which is a danger to the safety of this institution." Plaintiff in effect argues that he did not exhaust administrative remedies because it takes too long. The requirement to exhaust available administrative remedies is not waivable. Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

Plaintiff fails to state a claim against Defendants the State of California and CDCR. The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

---

of record of the State of California shall have jurisdiction to hear cases brought to enforce this section. The Legislature may provide reasonable and appropriate limitations on the time and manner of suits brought under this section.

[2] Plaintiff also asserts English is the official language of the United States. Plaintiff provides no citation to law or statute in support of this claim.

### III. Conclusion And Order

Plaintiff fails to state a claim against any Defendants. Plaintiff will not be able to cure the deficiencies in his complaint even if given leave to amend. Leave to amend will thus not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **July 27, 2011**                    /s/ **Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE